A. H. DONOHOE *et al.*, Defendants in Error, *v.* HARTLESS & HEIDEL, Plaintiffs in Error.

*Tax Title.*—The revenue act of 1847 requires the collector, after a sale for taxes, to return the certified list furnished by the register, with a note to each tract or lot, showing the disposition made of it; if sold, to whom, and the amount bid, &c. The merely writing a name opposite the tract of land is no compliance with the statute, does not give the information required by the law, nor fulfill its purposes. The deed of the register made upon such memorandum of sale confers no title.

*Error to Carroll Circuit Court.*

*R. D. Ray*, for plaintiffs in error.

I. The court evidently committed error in admitting in evidence the first deed offered by plaintiff, dated 30th January, 1858, but based upon a sale in 1848. That sale was made under the law of 1847, and it is contended that by virtue of the 30th section of said act, "it shall, without further proof, be received as evidence, &c., and shall be *prima facie* evidence of title," &c.; thus altering the law as it was understood to be at common law.

*Shackelford & Turner*, for defendants in error.

I. The register's deed to A. H. Donohoe was properly held to be *prima facie* evidence of title, the law making it such not being repealed. The provisions of the 30th section of the revenue act of 1847 were not intended to be by the revision of 1855 repealed, but continued in force and extended to sales under the act of 1855. (Art. 5, § 34.)

II. This *prima facie* evidence was not rebutted by defend-

ants. This court cannot see from the record that the paper produced by the defendants as that filed by the collector, under the 11th section of the revenue act of 1847, is defective.

BATES, Judge, delivered the opinion of the court.

The eleventh section of the revenue act of 1847 requires that " the several collectors shall, within five days after they shall have made sale under the provisions of this act, file in the office of the clerk of the County Court of their respective counties the certified list furnished by the register, with a remark opposite to éach tract of land or town lot, setting forth the disposition made of it; if sold, to whom, and the amount paid by the purchaser, or if not sold, the amount for which it was offered for sale and bid in for by the State."

The twelfth section explains the purposes of the requirements of the eleventh section. It is as follows : " Each clerk of the County Court shall carefully keep and preserve the lists required in the last section to be filed in his office, and shall without fee show said list to any person who may wish to see the same. Said clerk shall, within ten days after the filing of said list in his office, send a true and perfect copy of the same to the register of lands; said copy shall be under the seal of the court, which shall be recorded in the office of the register of lands in a well bound book kept for that purpose."

In this case the list filed by the collector in the office of the clerk of the County Court did not show what disposition was made of the lands and lots, whether they were sold or not, and if so, to whom, and the amount paid by the purchaser, &c.

The only addition which appears to have been made by the collector to the list was the writing a name opposite a tract of land. This does not give the information required by the law, nor fulfill its purposes. A necessary prerequisite to the execution of the deed by the register was therefore wanting, and the deed is a nullity.

It is true that this is a matter over which the purchaser had no control, but he bought subject to the requirements of the law that the collector should make the described return,

and the collector having failed to do so, the purchaser takes nothing by his purchase.

Judgment reversed and remanded; Judges Bay and Dryden concur.